Citation Nr: 1829609 
Decision Date: 06/25/18 Archive Date: 07/02/18

DOCKET NO. 16-61 717 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss. 
 
2. Entitlement to service connection for tinnitus. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

A. Yaffe, Associate Counsel





INTRODUCTION

The Veteran served on active duty from November 1952 to August 1954.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a December 2015 rating decision of the Department of Veterans Affairs (VA) in St. Petersburg, Florida, which denied service connection for bilateral hearing loss and tinnitus. The Board notes that the Veteran initially also appealed the denial of service connection for a left shoulder/ arm condition; however, his substantive appeal (VA Form 9) dated in December 2016 was limited specifically to only his claims for bilateral hearing loss and tinnitus. As such, the left shoulder/arm issue is not in appellate status. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).


FINDINGS OF FACT

1. The Veteran was exposed to acoustic trauma while in service and is currently diagnosed with bilateral hearing loss and tinnitus.

 2. Chronic symptoms of bilateral hearing loss or tinnitus were not shown during service, did not manifest to a compensable degree within one year of service separation, and were not continuous since service.

 3. The current bilateral hearing loss and tinnitus manifested many years after service separation and are not causally or etiologically related to service.






CONCLUSIONS OF LAW

1. A bilateral hearing loss disability was not incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1112, 1113, 1137, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385 (2017).

 2. Tinnitus was not incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1112, 1113, 1137, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Preliminary Matters

In an informal hearing presentation (IHP) dated in March 2018, the Veteran, through his representative, indicated that a concession of acoustic noise exposure based on his military service as an artillery man and cannon crew member should be recognized by VA and weighed appropriately by an examiner. The representative further argued that the October 2014 VA opinion was in part based on whisper hearing test results, which has no empirical basis. 

While acknowledging these arguments, the Board finds that they are without merit. First, as will be discussed below, exposure to acoustic trauma was indeed considered by the October 2014 VA examiner. Moreover, as determined below, acoustic trauma in service is conceded. Second, although the examiner mentioned a normal whispered voice hearing test in the rationale section, he also acknowledged that the test is not sensitive to high frequency hearing loss, which is typical of noise-induced hearing loss. Accordingly, the Board finds that the Veteran's contentions in these instances do not warrant a remand of the claim.

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016). 


Bilateral Hearing Loss and Tinnitus - Legal Criteria

Service connection may be granted for disability arising from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); see also Hickson v. West, 12 Vet. App. 247, 253 (1999), citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996). 

The Veteran is currently diagnosed with a bilateral hearing loss disability (sensorineural hearing loss) and tinnitus. Sensorineural hearing loss and tinnitus are listed as a "chronic disease" (as an organic disease of the nervous system) under 38 C.F.R. § 3.309(a); therefore, the presumptive service connection provisions under 38 C.F.R. § 3.303(b) for service connection based on "chronic" symptoms in service and "continuous" symptoms since service are applicable. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

For the showing of chronic diseases in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of continuity of symptoms after service is required for service connection. 38 C.F.R. § 3.303(b).

Lay assertions may serve to support a claim for service connection by establishing the occurrence of observable events or the presence of disability or symptoms of disability subject to lay observation. 38 U.S.C. § 1154(a); 38 C.F.R. § 3.303(a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F. 3d 1331, 1336 (Fed. Cir. 2006) (addressing lay evidence as potentially competent to support presence of disability even where not corroborated by contemporaneous medical evidence). 

In addition, the law provides that, where a veteran served ninety days or more of active service, and certain chronic diseases, such as sensorineural hearing loss and tinnitus (as an organic disease of the nervous system), become manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112, 1113, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time.

The United States Court of Appeals for the Federal Circuit (Federal Circuit) has clarified that lay evidence can be competent and sufficient to establish a diagnosis or etiology when (1) a lay person is competent to identify a medical condition; (2) the lay person is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 
For VA purposes, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz (Hz) is 40 decibels (dB) or greater, the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, and 4000 Hz are 26 dB or greater, or speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. Additionally, the Court has held that "the threshold for normal hearing is from 0 to 20 dBs, and higher threshold levels indicate some degree of hearing loss." See Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

Analysis

The Veteran asserts that bilateral hearing loss and tinnitus are due to in-service acoustic trauma; specifically to "outgoing and incoming explosions." 

Initially, the Veteran is currently diagnosed with a bilateral hearing loss disability in accordance with 38 C.F.R. § 3.385, as well as tinnitus. See June 2014 private audiology report from Saint John's Regional Medical Center; October 2014 VA examination report. 

The Veteran's service treatment records are absent of any complaint or diagnosis of hearing loss or tinnitus, and the Veteran's induction and separation examinations contains normal whisper voice tests. Nonetheless, his DD-214 establishes that he was attached to an artillery unit during active service. As such, the Veteran's exposure to hazardous noise during service is conceded. Therefore, the element of current disabilities and in-service noise exposure are shown. 

The dispositive issue then becomes whether the Veteran's bilateral hearing loss disability and tinnitus are related to the conceded in-service noise exposure. 

On review, the weight of the evidence demonstrates that symptoms of hearing loss and tinnitus have not been continuous since service separation. The earliest diagnosis of record of hearing loss and tinnitus is not shown until a June 2014 examination, during which the Veteran specifically noted that his hearing loss began two or three years earlier. The approximately 60-year period between service and the onset of hearing loss and tinnitus is one factor that weighs against a finding of service incurrence and continuity, but is not the only factor relied upon in this decision. Indeed, the Board's reliance on multiple factors, only one of which is an absence of complaints or treatment during service or after service, is consistent with the statutory and regulatory requirements to consider all evidence of record, as well as the Court's precedential decisions. See Buchanan v. Nicholson, 451 F.3d 1336 (Fed. Cir. 2006) (the lack of contemporaneous medical records is one fact the Board can consider and weigh against the other evidence, although the lack of such medical records does not, in and of itself, render the lay evidence not credible); see also Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (the passage of many years between discharge from active service and the medical complaint of a claimed disability is one factor to consider as evidence against a claim of service connection). 

The June 2014 private audiologist confirmed diagnoses of tinnitus and bilateral hearing loss, and noted a history of exposure to military artillery, but again the Veteran reported to him that his claimed disabilities began two to three years earlier, so in 2011, decades after service. Furthermore, during his October 2014 VA audiology examination, the Veteran indicated that he did not remember the onset of his tinnitus. Moreover, in a statement in support of claim dated in February 2015, the Veteran indicated that the reason he did not complain of his hearing loss upon leaving the military was "because of embarrassment connected with hearing loss." He further stated that the "tinnitus systems came about later, but I feel that it stems from being exposed to loud explosions while in the artillery units." While he is competent to report that he had hearing difficulty at service discharge, and he did not complain about it because of embarrassment, those statements completely contradict the statement made to his June 2014 audiologist. The Board assigns more probative weight to the Veteran's contemporaneous statements provided to his June 2014 private medical provider than the statements made by the Veteran to VA in support of this appeal of the denial of compensation benefits. See Fed. R. Evid. 803(4) (recognizing that statements made for the purpose of medical treatment generally are reliable); Rucker v. Brown, 10 Vet. App. 67, 73 (1997) ("[R]ecourse to the [Federal] Rules [of Evidence] is appropriate where they will assist in the articulation of the Board's reasons.")); Pond v. West, 12 Vet. App. 341, 345 (1999)(interest may affect the credibility of testimony). Thus, the Board finds the Veteran's statements as to continuity of hearing loss and tinnitus symptomatology since service not to be credible.

For these reasons, the criteria for presumptive service connection under 38 C.F.R. § 3.303(b) based on either "chronic" symptoms in service or "continuous" symptoms since service have not been met. Additionally, for the same reasons, the evidence does not show that hearing loss or tinnitus manifested to a compensable (i.e., at least 10 percent) degree within one year of service separation. The earliest record of both bilateral hearing loss and tinnitus was not until the Veteran's private audiology report in June 2014 during which he reported an onset in approximately 2011, still many decades after service separation. Therefore, presumptive service connection under the provisions of 38 C.F.R. § 3.309(a) is not warranted.

Service connection on a direct basis is also not warranted in this case. 

The Veteran noted in a July 2014 statement that he recently went to an audiologist, and was told that his hearing loss was due to his military service, and advised that he needed hearing aids. The Board finds this statement not competent evidence of a medical evidence as it is too attenuated and inherently unreliable to constitute a competent medical opinion. See Robinette v. Brown, 8 Vet. App. 69 (1995).

In support of his claim, the Veteran offers the June 2014 private audiology report. The audiologist noted a history of exposure to military artillery. Again, a history of military artillery noise is conceded. Importantly however, the audiologist did not provide an opinion relating either the Veteran's hearing loss or tinnitus to his military noise exposure. 

In October 2014, the Veteran underwent a VA audiology examination, where the Veteran reported constant tinnitus, but could not remember the circumstances or date of onset for his tinnitus and difficulty hearing words and the TV. The examiner noted normal whisper voice hearing test during both entry and separation examinations. It was noted that the Veteran was a cannon crew member in the Army, and stated that his hearing loss was due to acoustic trauma in-service, to include sounds from cannons and explosives. The Veteran denied using hearing protection during service. It was further noted that the Veteran was an aircraft engine inspector for two years prior to service, and post-military, he was a fireman for 36 years, where he was exposed to engine and siren noise. The Veteran denied using hearing protection pre-military and post-military as well. He also reported hunting with guns without using hearing protection. 

The examiner provided an etiology opinion unfavorable to the claim. The examiner acknowledged that frequency-specific hearing tests using calibrated audio metrics were not available at separation, and that association of cause (military, occupational, recreational, or presbycusis) could not be established, but the examiner nonetheless opined that the Veteran's bilateral hearing loss is less likely as not caused by, or a result of, his military service, but rather his significant history of noise exposure in his civilian employment. The examiner reasoned that the Veteran had a significant history of noise exposure in his civilian employment and recreational activities over a period of many years. 

As to the Veteran's tinnitus, the examiner also opined that it was not related to service, since the Veteran could not recall an exact date or circumstance of onset, and had significant noise exposure in his civilian employment and recreational activities over a period of many years. As such, the examiner concluded that it was less likely as not that the tinnitus was due to military service, but more than likely due to presbycusis and or some other etiology. 

In his substantive appeal (VA Form 9) dated in December 2016, the Veteran stated that while VA claims his civilian activities caused his hearing loss, his job as an aircraft engine inspector involved checking parts for tolerance with gauges, without any loud noise. He further stated that he hunted pheasants without much success, without any loud noise. Lastly, he noted that he was never involved in any loud explosives as a firefighter, but was subjected to incoming and outgoing cannon fire while in the war zone in Korea, and believed that this was the cause for his hearing loss and tinnitus, which showed up in later years. 

In a December 2016 statement of accredited representative in appealed case (VA Form 646), the Veteran's representative stated that the Veteran denies post service noise exposure that the October 2014 VA examiner referred to in his opinion. The representative further noted that a study published in the Journal of Neuroscience dated on February 15, 2016, supports the Veteran's contention that the early exposure to noise in-service caused an accelerated loss of hearing over the years. 

As noted above, the Veteran's lay statements as to etiology are internally inconsistent, and the Board does not find his statements credible. He told the June 2014 VA audiologist that his hearing loss began two to three years earlier, but later in February 2015, stated that he had hearing loss at separation, but again did not mention that to the VA examiner in October 2014. Furthermore, while the Veteran noted no noise exposure at his pre-military job, the type of animal he was hunting or whether he was near explosives as a firefighter do not support the notion that he was not exposed to hazardous noise while hunting or to engine and siren noise as a firefighter. 

On the issue of nexus, the Board assigns a higher probative value to the October 2014 VA examination report in comparison to the June 2014 private audiology report. As indicated above, the private audiology did not opine that military noise exposure was the cause of the Veteran's hearing loss, nor provided any rationale, but rather just mentioned the reported military noise exposure. On the contrary, the October 2014 VA examiner took into consideration both conceded in-service noise exposure as well as post-service noise exposure and other factors such as aging, to conclude that hearing loss was not caused by the in-service noise exposure. 
As to the Veteran's statements as to in-service incurrence, as a lay person he is competent to report past and current hearing loss, and tinnitus symptoms, and can self-diagnose tinnitus, because its symptoms are observable through the senses; however, where tinnitus and hearing loss are not shown by credible evidence until years after service separation, he does not have the requisite medical expertise to render a competent medical opinion regarding the relationship between current tinnitus or hearing loss and active service. 

An opinion as to the etiology of the Veteran's hearing loss and tinnitus involve making findings based primarily on medical knowledge of auditory disorders. It is a complex medical question dealing with the neurologic system (acoustic trauma and nerve damage). The Board finds that the October 2014 VA audiology opinion outweighs the lay evidence in this case. Indeed, the audiologist has expertise and training in the area of auditory disorders.

Accordingly, the Board finds that the competent and credible evidence weighs against finding that the Veteran's bilateral hearing loss or tinnitus was causally or etiologically related to service; therefore, the appeals are denied and the benefit-of-the-doubt doctrine does not apply. 

ORDER

Service connection for bilateral hearing loss is denied. 
 
Service connection for tinnitus is denied. 




____________________________________________
S. B. MAYS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs